UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY ZOHFELD, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF CHICAGO MEDICAL ) <br> CENTER, ) <br> ) <br> DEFENDANT. ) | **Case No.:** <br> **Judge:** |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, RICKY ZOHFELD (hereinafter "ZOHFELD"), and files this Complaint against the Defendant, UNIVERSITY OF CHICAGO MEDICAL CENTER (hereinafter "UCMC'").

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages and injunctive relief, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* (hereinafter the "ADEA") and the and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (hereinafter the "IHRA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and wrongful termination of Plaintiff's employment based on his age.

1

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to the ADEA and the IHRA.

4. This Court has original jurisdiction over the claims herein pursuant to 28 U.S.C. § § 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA.

5. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

## PARTIES

7. Plaintiff, ZOHFELD, is a citizen of the United States, and is and was at all times material, a resident of the State of Illinois.

8. Defendant, UCMC, is a Not-For-Profit Corporation registered to do business in the state of Illinois, incorporated under the laws of Illinois, with its principal place of business in Chicago, Illinois.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites prior to filing this action.

10. On or about March 7, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") satisfying the requirements of 42 U.S.C. § e-5(b) and (e), based on age discrimination.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12. On or about August 23, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue.

13. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

14. An EEOC filing automatically operates as a dual Illinois Department of Human Rights ("IDHR") filing, thus satisfying the requirements of the IHRA as well.

## FACTS

15. At all times material, Plaintiff worked for Defendant in Chicago, Illinois.

16. Plaintiff was employed by Defendant from approximately March of 1989 to November of 2015.

17. At the time his employment was involuntarily terminated, Plaintiff held the position of programmer specialist.

18. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

19. Plaintiff was 62 years old when he was involuntarily terminated by Defendant.

20. In January of 2015 Jason Woods, who is approximately 30 years of age, was promoted and became Plaintiff's supervisor.

21. Woods was given the promotion instead of Plaintiff even though Plaintiff was more qualified, had more experience, and more seniority.

22. In June of 2015 Woods did a performance evaluation of Plaintiff which indicated that other employees had "problems" with Plaintiff.

23. Plaintiff asked Woods for examples of these problems but was provided none.

24. Two weeks later Woods placed Plaintiff on a performance improvement plan ("PIP").

25. Plaintiff did what the PIP required of him and met with Woods at the 30, 60 and 90 day marks to confirm that.

26. In October of 2015, Woods told Plaintiff he should consider resigning.

27. Plaintiff declined to resign.

28. On November 18, 2015 Woods involuntarily terminated Plaintiff's employment with UCMC.

29. Woods gave Plaintiff a letter of termination which stated that his termination was based on a refusal to follow directives as directed by an immediate supervisor; performing job responsibility grossly outside of the company standard; and not showing core company values.

30. No specific examples were cited.

31. Defendant unlawfully terminated Plaintiff in a discriminatory manner based on Plaintiff's age.

32. Plaintiff has been damaged by Defendant's illegal conduct.

33. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees to represent him in this action.

## COUNT I:
### *AGE DISCRIMINATION IN VIOLATION OF THE ADEA*

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

35. At all times relevant, Plaintiff was over 40 years old.

36. Defendant is prohibited under the ADEA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, promotions, and other terms, conditions, and privileges of employment.

37. Defendant violated the ADEA by unlawfully failing to promote, terminating, and discriminating against Plaintiff due to his age.

38. Plaintiff has been damaged by Defendant's illegal conduct.

## COUNT II:
### *AGE DISCRIMINATION IN VIOLATION OF THE IHRA*

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33, above.

40. At all times relevant, Plaintiff was over 40 years old.

41. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, promotions, and other terms, conditions, and privileges of employment.

42. Defendant violated the IHRA by unlawfully failing to promote, terminating, and discriminating against Plaintiff due to his age.

43. Plaintiff has been damaged by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a.) Enter a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b.) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c.) Grant Plaintiff any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com